UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley Moultrie, | ) | C/A No.   9:09-1047-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Gregory Knowlin, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) and other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal, as the requirement of liberal construction does not mean

that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner states that he entered a guilty plea in the Lexington County Court of General Sessions to two counts of attempted armed robbery on May 23, 2007 and received two twelve-year sentences for the offenses, to run concurrently. Petitioner indicates that he did not file a direct appeal of the convictions, and that he has also not filed an application for post conviction relief (PCR) regarding the convictions.

## Discussion

Petitioner's habeas action under 28 U.S.C. § 2254 should be dismissed because Petitioner has not exhausted his state court remedies. With respect to his convictions and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State."

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of

2

Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted). Because Petitioner clearly states that he has not presented his claim to the state's highest court, the grounds Petitioner could raise in a § 2254 petition have not been exhausted. *See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies"). *See also State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002). As such, this habeas petition is subject to dismissal.

Petitioner asserts in his Petition that he now has no state remedy available to attack his conviction, because the applicable state statute of limitations would bar his filing a direct appeal or PCR action. However, Petitioner also argues that the claim he is asserting, dealing with subject matter jurisdiction, can be raised at any time. Under such a theory, the statute of limitations would not come into play. However, Petitioner has not, as noted, tested this theory in the state courts. Further, while Petitioner is correct that, where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred[1], further exhaustion is not required; *see Coleman v. Thompson*, 501 U.S. at 735 n.1 (1991); a federal court is nevertheless precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause

---

[1] The concept of procedural bar is also referred to as procedural default and/or procedural bypass.

3

for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. *See also Thomas v. Davis*, 192 F.3d 445, 450 n. 2 (4th Cir .1999); *Mueller v. Angelone*, 181 F.3d 557, 584 (4th Cir. 1999).

Cause is established when an objective factor external to the petitioner's actions impeded the ability to comply with the state's procedural rule. *See Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999). In order to establish prejudice, a petitioner must show that the trial was infected with actual constitutional error which worked to his disadvantage and "not merely that the errors at his trial created a possibility of prejudice." *McCarver v. Lee*, 221 F.3d 583, 592 (4th Cir.2000). *See also Tucker v. Catoe*, 221 F.3d 600, 615 (4th Cir.2000). Although procedural default is an affirmative defense which is waived if not raised by a respondent, *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996), it is still a petitioner's burden to first raise a claim of cause and prejudice or actual innocence,[2] and if not raised by a petitioner, a court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). Hence, even if Petitioner's claim were deemed technically exhausted due to a state procedural bar, it still may not be considered due to Petitioner's failure to demonstrate either cause or actual prejudice in the pleading .

## Recommendation

Accordingly, it is recommended that this petition for a writ of habeas corpus be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v.*

---

[2] "Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocense. *Royal v. Taylor*, 188 F.3d 239 (4th Cir. 1999).

4

*Gammon*, 79 F3d. 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or are without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the AEDPA.

Petitioner's attention is directed to the important notice on the following page.

Bristow Marchant
United States Magistrate Judge

May 5, 2009

Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

