IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley Moultrie, | ) | C/A No.  9:09-1047-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Gregory Knowlin, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Stanley Moultrie, a state prisoner proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254. The petitioner is incarcerated at the Turbeville Correctional Institution of the South Carolina Department of Corrections. He pled guilty to two counts of attempted armed robbery and received two twelve-year sentences. He did not file a direct appeal of the convictions, nor did he file an application for post conviction relief (PCR) regarding the state convictions.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he recommends that habeas petition should be dismissed because the petitioner has not exhausted his state court remedies. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

1

Recommendation and the court has reviewed such objections finding them to be without merit.

As the Magistrate Judge correctly notes, a federal habeas court may consider only those issues which have been fairly presented to the state courts. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997). Further, a federal court is precluded from hearing a procedurally defaulted claim unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner has failed to demonstrate either.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the habeas petition is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

June 10, 2009                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge

2